# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| ANTHONY FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05-0760 |
| | ) | |
| JO ANNE BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's Applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case was referred to the undersigned United States Magistrate Judge by Standing Order to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the Plaintiff's Memorandum in Support of Judgment on the Pleadings (Document No. 11.) and Defendant's Memorandum in Support of Judgment on the Pleadings (Document No. 12.).

The Plaintiff, Anthony Farmer (hereinafter referred to as "Claimant"), filed an application for DIB and SSI on November 1, 2002 (protective filing date), alleging disability as of September 1, 2002, due to "asthma and breathing problems." (Tr. at 108 - 110, 125, 332 - 336.) The claims were denied initially and upon reconsideration. (Tr. at 35 - 38, 40 - 41, 338 - 342, 344 - 345.) On May 2, 2003, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 42.) A hearing was held on March 4, 2004, before the Honorable R. Neely Owen. (Tr. at 346 - 372.)

Claimant was not represented by counsel, and the record was held open in order that Judge Owen could arrange for a consultative examination of Claimant and obtain an update of Claimant's condition and information from his treating physician. (Tr. at 367 - 368.) A further hearing was held on December 1, 2004, before Judge Owen. (Tr. at 373 - 377.) The hearing was continued in order that Claimant could retain counsel to represent him. Judge Owen held the final hearing on April 7, 2005, with Claimant represented by attorney Lisa Clark. By Decision dated June 24, 2005, ALJ Owen determined that Claimant was not entitled to benefits. (Tr. at 14 - 21.) On August 9, 2005, the Appeals Council denied Claimant's request for review. (Tr. at 6 - 8.) Claimant filed a Complaint in this Court on September 14, 2005, seeking judicial review of the Commissioner's decision. (Document No. 1.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (1999). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id.

2

§ 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (1999).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 20, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from asthma, anxiety and borderline intellectual functioning which he deemed severe impairments.  (Tr. at 20, Finding No. 3.)  At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or medically equal the level of severity of any listing in Appendix 1.  (Tr. at 20, Finding No. 4.) The ALJ then found that Claimant had "the residual functional capacity to frequently lift and carry 10 pounds (with occasional lifting /carrying of 20 pounds) and sit, stand, or walk as required throughout an 8-hour period. Capacity for work at the light level of exertion is reduced by the need to avoid exposure to dust, fumes, odors, gases, temperature extremes, unprotected heights, and moving machinery, in addition to the mental limitations delineated by the consultant psychologist in Exhibit 11F." (Tr. at

20, Finding No. 6.) The ALJ found that Claimant could not return to his past relevant work.  (Tr. at 20, Finding No. 7.) Nevertheless, the ALJ concluded on the basis of vocational expert testimony at the administrative hearing that Claimant could perform jobs such as garment bagger, laundry folder and packager which existed in significant numbers in the national economy. (Tr. at 20, Finding No. 11.)  On this basis, ALJ Owen concluded that Claimant was not under a disability as defined in the Social Security Act and Regulations, and benefits were denied.  (Tr. at 20, Finding No. 12, and 21.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In Blalock v. Richardson, substantial evidence was defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence.  Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on July 12, 1963, and was 41 years old at the time of the administrative hearing on April 7, 2005. (Tr. at 108, 125, 387.) Claimant has an eighth grade education. (Tr. at 131, 388.) In the past, Claimant was self-employed cutting firewood and worked for a tree service company. (Tr. at 126, 388 - 390.)

The Medical Record

The Court has reviewed the medical evidence of record and will discuss it in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision and the Commissioner's Response

Claimant asserts that ALJ Owen's decision is not supported by substantial evidence because he failed to give the appropriate weight to the opinions of Claimant's treating physician, Dr. Yoginder Yadav, that Claimant's asthma was uncontrollable and that his limitations were as Dr. Yadav found. (Document No. 11, pp. 5 - 9.) The Commissioner contends that the ALJ properly considered Dr. Yadav's opinions in reaching his conclusion that Claimant was not disabled. (Document No. 12, pp. 10 - 12.)

Analysis

The Regulations provide that "[r]egardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(d). That Regulation provides further that "[u]nless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion." In evaluating the opinions of treating physicians, the ALJ generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed,

5

longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(d)(2)(2000).

Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions

are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not

inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53, 55(W.D.Va. 1996);

see also, 20 C.F.R. 404.1527(d)(2)(2000). The opinion of a treating physician must be weighed

against the record as a whole when determining eligibility for benefits. 20 C.F.R. §

404.1527(d)(2)(2000). Ultimately, it is the responsibility of the ALJ, not the Court, to review the

case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456

(4th cir. 1990). As noted above, however, the Court must not abdicate its duty to scrutinize the record

as a whole to determine whether the ALJ's conclusions are rational. Oppenheimer v. Finch, 495 F.2d

396,397 (4th Cir. 1994).

Social Security Ruling 96-2p, 1996 WL 374188 (S.S.A.), reiterates the standard for

considering medical opinions of treating sources stating when the ALJ must adopt the opinions of

treating sources on the issue(s) of the nature and severity of claimants' impairments as follows:

> The [regulatory] provision recognizes the deference to which a treating source's
> medical opinion should be entitled. It does not permit us to substitute our own
> judgment for the opinion of a treating source on the issue(s) of the nature and
> severity of an impairment when the treating source has offered a medical opinion that
> is well-supported by medically acceptable clinical and laboratory diagnostic
> techniques and is not inconsistent with other substantial evidence.

According to SSR 96-2p, the medical opinions of treating sources must be given controlling weight

when they meet four factors: (1) they must be opinions of "treating sources"; (2) they must be

"medical opinions", i.e., opinions about the nature and severity of claimants' impairments; (3) the

ALJ must find them "well-supported" by "medically acceptable" clinical and laboratory diagnostic

techniques; and (4) even if well-supported, the opinions must be "not inconsistent" with the other

"substantial evidence" in the individual's case record. SSR 96-2p states further as follows:

> It is not unusual for a single treating source to provide medical opinions about several issues; for example, at least one diagnosis, a prognosis, and an opinion about what the individual can still do. Although it is not necessary in every case to evaluate each treating source medical opinion separately, adjudicators must always be aware that one or more of the opinions may be controlling while others may not.

If the ALJ determines that a  treating physician's opinion should not be afforded controlling weight, the ALJ must analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).  These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. Additionally, the Regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."  Id. § 416.927(d)(2).

Generally speaking with respect to medical opinions, the ALJ gives more weight to opinions of treating physicians than to those of examining and non-examining physicians. 20 C.F.R. § 404.1527. As between the opinions of examining and non-examining physicians, the ALJ will generally give more weight to the opinion of examining physicians. 20 C.F.R. § 404.1527(d)(1). Opinions of medical experts are accorded the same treatment as that given non-examining sources. 20 C.F.R. § 1527(f)(2)(iii).

Dr. Yoginder Yadav, a specialist in internal medicine, began treating Claimant for his asthmatic condition in September, 2002. (Tr. at 318 - 319.) Dr. Yadav noted on February 3, 2003, that Claimant "seems to be doing well on current regimen of Advair and Albuterol." (Tr. at 235.) Claimant saw Dr. Yadav on March 10, 2003, for spirometric testing. (Tr. at 228.) Dr. Yadav

7

diagnosed "mild obstructive lung defect with borderline bronchial dilator response . . .." Dr. Yadav stated that "[c]onsidering his sub-optimal symptom control, will add Singulair 10 mg to current regimen." (Id.) On May 13, 2003, Dr. Yadav stated respecting Claimant's asthma that he "[a]ppears to be under fair control on current medication." (Tr. at 233.) Dr. Yadav saw Claimant on June 10, 2003, for further spirometric testing. (Tr. at 227.) Dr. Yadav found "severe obstructive lung defect with marked bronchodilation response." (Id.) On August 12, 2003, Dr. Yadav stated that Claimant "felt remarkably better on addition of Theophylline since last visit." (Tr. at 230.) Dr. Yadav apparently continued Claimant on Advair, Albuteral and Singulair as well. (Id.) Claimant saw Dr. Yadav again for spirometric testing on September 9, 2003. (Tr. at 226.) Dr. Yadav found "moderate obstructive lung defect with significant bronchodilation response." (Id.) On November 18, 2003, Dr.Yadav stated that Claimant "appears to be doing well on current regimen." (Tr. at 232.) Upon Claimant's further spirometric testing on February 16, 2004, Dr. Yadav found "moderate obstructive lung defect without significant post bronchodilation response. He seems to be doing well on current regiment of Advair, Albuterol, Theophylline and Singulair." (Tr. at 225.) Claimant saw Dr. Yadav on March 19, 2004, and complained of shortness of breath and indicated that he was out of his Albuterol inhaler. (Tr. at 299.) Dr. Yadav gave him another Albuterol inhaler, gave him Kenalog and prescribed a "short course of Prednisone." (Id.)

Dr. Gary Craft saw Claimant for a Disability Determination Evaluation on April 5, 2004. (Tr. at 254 - 273.) Dr. Craft stated that "[a]uscultation of the lungs revealed a moderate prolongation of the expiratory phase of respiration and blunt bilateral wheezing was present." (Tr. at 255.) Testing indicated "moderate obstruction with a fair response to bronchial dilators." (Id.) Dr. Craft found that Claimant had "a moderate obstructive defect." (Tr. at 256.) Dr. Craft completed a Medical Source

Statement of Ability to do Work-Related Activities (Physical). (Tr. at 257 - 261.) Dr. Craft indicated that Claimant could stand and/or walk for at least two hours in an 8-hour workday and his ability to sit and push/pull were not affected. He indicated that Claimant could balance, kneel, crouch and stoop frequently and climb and crawl occasionally in an 8-hour workday. Dr. Craft indicated that Claimant was limited in his ability to tolerate temperature extremes, noise, dust, humidity/wetness and fumes, odors, chemicals and gases and unlimited in his ability to work around vibration and hazards such as machinery and heights.

Claimant saw Dr. Yadav again on May, 21, 2004 and had further spirometric testing on July 20, 2004. (Tr. at 298, 281 - 282.) Dr. Yadav found "moderate obstructive lung defect with significant post bronchodilation response." (Tr. at 281.) Comparing the results of Claimant's spirometric testing in June, 2003, Dr. Yadav fond that "there has been an improvement of about 1100 ml in his FEV1. He still shows significant response." Dr. Yadav started Claimant on Spirava. (Id.) Claimant saw Dr. Yadav on October 21 and December 3, 2004 and on January 10, 2005. (Tr. at 279, 280, 297.) At the latter visit, Claimant had spirometric testing and Dr. Yadav found "mild obstructive lung defect with significant post bronchodilation response." (Tr. at 279.) Dr. Yadav sated that he was considering starting Claimant on Prednisone. (Id.) Dr. Yadav completed a Medical Assessment of Ability to do Work-Related Activities (Physical) on March 29, 2005. (Tr. at 312 - 315.) Dr. Yadav indicated that Claimant could lift and carry less than ten pounds occasionally and frequently because he "gets short of breath." He indicated that Claimant could stand and/or walk less than two hours and sit less than six hours in an 8-hour workday and was limited in his ability to push and pull in his upper and lower extremities for the same reason. He indicated that Claimant could occasionally climb, balance, kneel, crouch, crawl and stoop; was unlimited in his ability to reach, handle, finger

and feel; and had no visual or communicative limitations. Dr. Yadav indicated that Claimant was limited by his asthmatic condition in his ability to tolerate temperature extremes, dust, humidity and fumes, odors, chemicals and gases and unlimited in his ability to tolerate noise, vibration and work hazards such as machinery and heights. The record further contains a copy of the transcript of Dr. Yadav's April 21, 2005, deposition. (Tr. at 316 - 329.) Dr. Yadav testified that Claimant "is not a well controlled asthmatic." (Tr. at 322.)

Dr. H.C. Alexander III testified as a medical expert at the April 7, 2005, hearing. Dr. Alexander stated that Claimant's asthma did not meet or equal the applicable Listing.[1] (Tr. at 385, 408.) Dr. Alexander stated that Claimant was able to lift/carry fifty pounds frequently and twenty-five pounds occasionally. (Tr. at 411.) He stated that Claimant was able to sit/stand six hours out of an 8-hour workday and could engage in sustained walking for 15 to 20 minutes at a time for a total of two hours in an 8-hour workday. (Id.) Dr. Alexander stated that Claimant should avoid climbing ropes, ladders and scaffolding but could climb ramps and stairs. (Tr. at 412.) Dr. Alexander's testimony respecting Claimant's environmental limitations is confusing. It appears

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03 set forth the Listing requirements for asthma as follows:

> A. Chronic asthmatic bronchitis. Evaluate under the criteria for chronic obstructive pulmonary disease in 3.02A;
> Or
> B. Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every two months or at least six time a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

Listing 3.02A sets forth the criteria for chronic obstructive pulmonary disease in terms of the claimant's FEV1 (Forced expiration volume in one second) test results as obtained by spirometry.

that he testified that Claimant could endure moderate exposure to temperature extremes, fumes, odors, dust, gases; was not limited with respect to exposure to humidity and wetness; and should avoid all exposure to hazards such as machinery and heights. (Tr. at 413 - 414.)

The ALJ included a detailed summary of Dr. Yadav's findings and opinions in his decision. (Tr. at 15 - 16, 17.) He also discussed the findings and opinions of Dr. Craft and Dr. Alexander's testimony. (Tr. at 16 - 17.) The ALJ determined that Claimant had asthma which qualified as severe, and, giving great weight to Dr. Alexander's opinions, determined that Claimant had the residual functional capacity for light work with postural and environmental restrictions.[2] (Tr. at 18.) The ALJ stated and took into account the factors listed in 20 C.F.R. §§ 404.1527 in analyzing and weighing the medical source evidence. (Tr. at 18 - 19.) The ALJ stated as follows:

> Although Dr. Yadav is a treating pulmonologist and Dr. Alexander has never examined claimant, the opinion of Dr. Yadav comes up somewhat short in the other factors outlined above. Dr. Yadav's opinion is not supported by his own clinical findings showing clear lungs with good air movement and no more than moderate obstructive defect with good response to bronchodilators, and his assessment is not consistent with the other opinions of record (those of Dr. Alexander and the reviewing physicians contained in Exhibits 3F and 5F). Additionally, he does not have the knowledge of the disability program possessed by Dr. Alexander, and he does not have access to all evidence of record as Dr. Alexander did before rendering his opinion. In his deposition, which counsel requested in an effort to substantiate the severe restriction imposed in Exhibit 12F, Dr. Yadav essentially uses circular reasoning to find that claimant's asthma must be worse than it appears on pulmonary function testing because of the significant improvement he experiences with bronchodilators. * * * As the opinion of Dr. Yadav is not supported by his own clinical findings and is inconsistent with the other opinion evidence of record, it is not entitled to as much weight as the well-reasoned opinion of Dr. Alexander that is consistent with the medical assessments of the reviewing physicians.

--------

[2] The ALJ's determination that Claimant had the exertional capacity for light work appears to be in accommodation of the record as a whole including Dr. Yadav's assessment. According to Dr. Yadav, Claimant had the RFC to perform sedentary work with restrictions. Dr. Alexander, on the other had, appears to place him in the medium category with restrictions. The ALJ concluded that Claimant had the exertional capacity for light work with restrictions.

(Tr. at 19.) It is clear that the ALJ took into account all of the pertinent factors in determining that Dr. Yadav's assessment of Claimant's abilities was not supported by or consistent with his clinical findings. The undersigned finds based upon a thorough review of the record that ALJ Owen's analysis and weighing of the opinions of the medical sources is fully in conformity with applicable law and Regulations and supported by substantial evidence. Claimant's assertions to the contrary are without merit.

Proposal and Recommendation

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **DENY** the Plaintiff's Motion for Judgment on the Pleadings (Document No. 11.), **GRANT** the Defendant's Motion for Judgment on the Pleadings (Document No. 12.), **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright

v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984).  Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this

Magistrate Judge.

   The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy

of the same to counsel of record.

Date: July 11, 2006.

R. Clarke VanDervort
United States Magistrate Judge